MOUNTAIN VIEW WALNUT GROWERS ASSOCIATION (a Corporation), Respondent, v. CALIFORNIA WALNUT GROWERS ASSOCIATION (a Corporation), Appellant.

Farrand & Slosson for Appellant.

L. G. Shelton for Respondent.

WOOD, J.—In the complaint plaintiff asked judgment for the sum of $12,724.12, the amount claimed to have been re-

tained by defendant from the proceeds of sales of walnuts made by defendant for plaintiff during the years 1921 to 1932. Defendant appeals from a judgment in plaintiff's favor in the sum of $3,761.03.

The defendant California Walnut Growers Association, referred to herein as ''Central'', is and since prior to 1920 has been a cooperative, nonprofit, noncapital stock corporation organized under the laws of California, acting as a marketing agency for growers of walnuts. Its members are local cooperative associations of walnut growers, herein called ''locals'', there being forty-two such members, including plaintiff. Each local takes the walnuts from its grower members, prepares them for market and delivers them to Central, which in turn mingles them with walnuts of like grade from other locals and markets them through its sales organization. Plaintiff became a member of Central in 1920 and marketed through Central the nuts produced by its grower members until 1932, when, because of dwindling production, plaintiff ceased to handle the walnuts of its members. Plaintiff has maintained its corporate existence and is still a member of defendant, but those of plaintiff's members who have continued to produce walnuts have marketed them through other locals.

During the years in which Central was marketing plaintiff's walnuts it was the practice for Central to sell the bulk of the year's crop, estimate the probable net return from the unsold balance of walnuts then on hand and distribute in cash to the locals the estimated total net return. The actual sales of the walnuts on hand at the time the estimate was made would not be consummated until later and the amount of the proceeds of such sales was naturally uncertain. In most of the years the estimates proved too low and a cash excess resulted. Instead of remitting the excess to the locals for distribution to their grower members Central retained it as a reserve fund to carry on its future operations. When this practice was commenced the contract between plaintiff and defendant did not provide for the reserve fund, but defendant made annual reports to plaintiff and its other members covering the sums retained and no objection was made to the practice. In 1925 a new contract was executed by plaintiff and defendant which according to its terms is to re-

main in effect until 1940 and in which provision is expressly made for the retention by defendant within its discretion of a sum "for a reserve or other fund". Thereafter the practice was continued as it had been followed prior to the execution of the contract of 1925. The judgment of the trial court was for plaintiff's portion of the reserve fund retained before the execution of the contract of 1925. Judgment went for defendant for plaintiff's portion arising from the sale of walnuts after the contract of 1925.

Both parties agree that the reserve retained by defendant was and is a trust fund. From 1920 to 1925 this trust fund was retained by defendant for the benefit of all the constituent members of the defendant corporation. Plaintiff received reports from defendant and acquiesced in the practice which had been followed and in 1925, with full knowledge of the retention of the reserve fund, entered into a new agreement by which defendant was authorized to continue the practice. This agreement was made by the parties in view of all the past activities and with knowledge on the part of plaintiff that at the date of its execution there actually was a reserve fund in which plaintiff had a substantial interest. This fund was commingled with the reserve fund expressly authorized under the new agreement and became a part of it. Since the contract of 1925 covers the period ending in 1940, plaintiff is not in a position to demand a portion of the trust fund until the contract is lawfully terminated. The statute of limitations may not be invoked, since the defendant as trustee holds the trust fund according to the agreement of the parties and has not repudiated the trust relationship.

The judgment is reversed.

Crail, P. J., concurred.

McCOMB, J., *pro tem.*, Concurring.—I concur in the judgment. In my opinion the plaintiff's cause of action is barred by section 337, subdivision 1 of the Code of Civil Procedure.